**SMITH v. STATE.    (4 Div. 845.)**

(Court of Appeals of Alabama.    June 30, 1923.)

1. **Criminal law ⊕═696(8)—Defendant held not entitled to maintain motion to exclude answer in direct response to question put by his counsel.**

In a prosecution for manufacturing whisky and possessing a still, it was not error to refuse to exclude an answer of a state witness on cross-examination as to the ownership of some hogs found on defendant's premises in a hogpen where part of a still was found; the answer being in direct response to question by

defendant's counsel, and therefore not subject to a motion by defendant to exclude.

2. **Criminal law ⊕═1169(1)—Refusal to exclude unimportant evidence, if error, held harmless.**

In a prosecution for manufacturing whisky and possessing a still, a refusal to exclude an answer by a state's witness on cross-examination by defendant as to the ownership of certain hogs found in a hogpen on defendant's premises where part of a still was found, if error, held harmless.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Judge Smith was convicted on two counts charging manufacturing whisky and possessing a still, and appeals. Affirmed.

On the cross-examination by defendant of state's witness J. B. Lasseter, the witness having testified that it was defendant's premises on which the still was found, this occurred:

"Q. But you don't know it [was defendant's land], do you?  A. I don't know it.
"Q. You just believe it was?  A. Yes, sir.
"Q. And you just believe it was his hogpen [where the apparatus was found]?  A. Yes; them was his hogs.
"Q. How do you know; tell how you know? A. The hog troughs was in there, and we tried the pipes in them, but you would not want me to tell how I knew—they told me that was Judge's hogs.
"Q. Who?  A. His wife.
"Q. Was Judge there?  A. No, sir."

Defendant objected "to this witness' statement as to how he knew that they were his hogs, and to what his wife told him," and moved the exclusion of same. The court overruled the motion, and defendant excepted.

McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for error in the refusal of the affirmative charge and the admission of evidence, but cite no authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.  We have examined the evidence presented by this record, and find that evidence is sufficient to support the verdict of the jury on both counts.

[1, 2] The only other exception reserved by defendant was to the ruling of the court in refusing to grant the motion of defendant to exclude the answer of a state's witness on cross-examination as to the ownership of some hogs found on the premises of defendant, and at the place where a part of a still was found. The answer was in direct response to a question by defendant's counsel,

and was not, therefore, subject to a motion by defendant to exclude. Moreover, the inquiry on this point was of minor importance, and, even if the court had been in error, such error was without injury.

We find no error in the record, and the judgment is affirmed.

Affirmed.